**Benjamin DETENBER et al.,
Plaintiffs, Appellants,**

v.

**Thomas K. TURNAGE, Director of the
Selective Service System, et al.,
Defendants, Appellees.**

**No. 82–1786.**

United States Court of Appeals,
First Circuit.

Argued Jan. 31, 1983.
Decided March 11, 1983.

**234**

Mitchell Benjoya, with whom Jeffrey A. Denner, and Denner & Benjoya, Boston, Mass., were on brief, for appellants.

Al J. Daniel, Jr., with whom J. Paul McGrath, Asst. Atty. Gen., Washington, D.C., William F. Weld, U. S. Atty., Boston, Mass., William Kanter, and Mark H. Gallant, Attys., Appellate Staff, Civ. Div., Dept. of Justice, Washington, D.C., were on brief, for appellees.

Before ALDRICH, BOWNES and BREYER, Circuit Judges.

BREYER, Circuit Judge.

Appellants, a class of eighteen, nineteen, and twenty year old men, ask this court to hold that the current draft registration program is unconstitutional. *See* 50 U.S.C. App. § 453; Presidential Proclamation No. 4771, July 2, 1980. Their "sex discrimination" claim having been rejected by the Supreme Court, *Rostker v. Goldberg,* 453 U.S. 57, 101 S.Ct. 2646, 69 L.Ed.2d 478 (1981), they now argue that draft registration deprives them of "liberty" without "due process of law" and invades their right to privacy. Whatever the strength of their claims from a moral or political point of view, from a legal perspective the arguments are without merit.

The Supreme Court has not only upheld the constitutionality of the draft itself, *see Selective Draft Law Cases,* 245 U.S. 366, 38 S.Ct. 159, 62 L.Ed. 349 (1918), it has also stated explicitly that the "power of Congress to classify and conscript manpower for military service is 'beyond question'". *United States v. O'Brien,* 391 U.S. 367, 377, 88 S.Ct. 1673, 1679, 20 L.Ed.2d 672 (1968); *see Lichter v. United States,* 334 U.S. 742, 755–758, 68 S.Ct. 1294, 1301–02, 92 L.Ed. 1694 (1948); *Ex parte Quirin,* 317 U.S. 1, 25–26, 63 S.Ct. 1, 9, 10, 87 L.Ed. 3 (1942). "The constitutional power of Congress to raise and support armies and to make all laws necessary and proper to that end is broad and sweeping," *United States v. O'Brien,* 391 U.S. at 377, 88 S.Ct. at 1679, and is not conditioned on any "declaration of war," *United States v. Jacques,* 463 F.2d 653, 656 (1st Cir.1972); *see also United States v. Diaz,* 427 F.2d 636, 639 (1st Cir. 1970).

Appellants seek to distinguish these cases by arguing that the cases were decided during times of "national emergency." They meet the claim that the President and Congress in reinstating registration must have found an emergency by contending that the courts, rather than the President or Congress, should determine whether sufficient emergency exists. This argument, however, runs counter to the Supreme Court's instruction to accord a "healthy deference to legislative and executive judgments in the area of military affairs." *Rostker v. Goldberg,* 453 U.S. at 66, 101 S.Ct. at 2652; *see Gilligan v. Morgan,* 413 U.S. 1, 10, 93 S.Ct. 2440, 2445, 37 L.Ed.2d 407 (1973). And, we therefore reject it.

In any event, whether or not the state of foreign affairs warrants conscription—a matter on which we express no view—we have before us not conscription, but simply draft registration, a requirement which is less restrictive. Registration requires no training, service, or combat. And, some of those opposed to conscription on moral grounds might nevertheless accept registration, postponing their moral objections to another day which might or might not come to pass. At the same time that registration is physically (and arguably morally) less intrusive than the draft itself, the need during peacetime for registration is greater than the need for conscription. The very

object of registration is to enable the government to institute conscription quickly should it prove necessary.

Since registration is less restrictive than the draft, since the peacetime need is greater, since Congress and the President have found sufficient need for registration, and since we are to defer to their judgment, we find no basis for departing from the prior cases on the subject. The judgment of the district court upholding the constitutionality of the present registration program is therefore

*Affirmed.*